# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1651V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| ROBERT R. JODOIN, | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| v. | * | Filed: January 19, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

**DECISION DISMISSING PETITION**

On October 24, 2019, Robert R. Jodoin filed a Petition under the National Vaccine Injury Compensation Program[1] (the "Vaccine Program"). Petitioner alleged that he sustained a Shoulder Injury Related to Vaccine Administration ("SRIVA") as a result of the influenza ("flu") vaccine he received on October 26, 2016. Petition (ECF No. 1) at 1.

This matter was originally assigned to the Special Processing Unit ("SPU"), based on the perceived possibility of settlement given the nature of the claim. However, in December 2022 I dismissed the Table claim, on the grounds that certain elements specific to a flu vaccine-SIRVA Table claim could not be preponderantly established. *See* Findings of Fact and Conclusions of Law, dated December 19, 2022 (ECF No. 40). I allowed for the possibility, however, that a causation-in-fact version of the claim could succeed, and therefore transferred the matter from SPU while setting a date in February 2023 for the filing of an amended petition. ECF No. 40 at 10.

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated Jan. 6, 2023 (ECF No. 43) ("Motion"). The Motion invokes Vaccine Rule 21(b) (which governs involuntary dismissals) as its basis, but provides no substantiation for the grounds for dismissal.

The Vaccine Rules provide for circumstances in which a pending claim can be dismissed—but these provisions are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c)

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Report (which has occurred) (*see* ECF No. 32), and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, Rule 21(b) applies to circumstances in which a claimant fails to prosecute the claim or comply with orders issued in this case—none of which has yet occurred.

Nevertheless, there is a means for dismissal under the circumstances: a "motion seeking dismissal." This is a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but where dismissal is sought after the time to act under Rule 21(a) has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof, because Petitioner has not offered support for a non-Table claim, and (by making this motion) suggests he has no intention of proceeding with the claim. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[2]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.