# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1651V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
ROBERT R. JODOIN,                           *
                                            *   Chief Special Master Corcoran
                Petitioner,                 *
                                            *   Filed: March 10, 2023
        v.                                  *
                                            *
SECRETARY OF HEALTH AND                     *
HUMAN SERVICES                              *
                                            *
                Respondent.                 *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Christine M. Smith*, Law Office of Christine M. Smith, PLLC, Manchester, NH, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART MOTION FOR FEES AND COSTS AWARD**[1]

On October 24, 2019, Robert R. Jodoin filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] ECF No. 1. Petitioner alleged that he sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the influenza ("flu") vaccine he received on October 26, 2016. *Id.*

This matter was originally assigned to the Special Processing Unit, based on the perceived possibility of settlement given the nature of the claim. However, in December 2022 I dismissed

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the Table claim, on the grounds that certain elements specific to a flu vaccine-SIRVA Table claim could not be preponderantly established. *See* Findings of Fact and Conclusions of Law, dated December 19, 2022 (ECF No. 40). I thereafter ordered Petitioner to file an amended petition setting forth the basis for a non-Table claim. *Id.* at 10. Petitioner instead filed a motion for a decision dismissing the claim. *See* Motion, dated January 6, 2023 (ECF No. 43) ("Motion"). I granted the relief requested and terminated the claim. Decision, January 19, 2023 (ECF No. 44).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated February 10, 2023 (ECF No. 46). Petitioner has not previously been awarded any fees in this matter. Petitioner requests a total of $17,282.23 ($16,598.90 in fees, plus $683.33 in costs) for the work of attorney Ms. Christine Smith and a paralegal from March 2017 to the present date. ECF No. 46 at 2–3. Respondent did not file a reaction.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$16,934.23.**

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, *establishing reasonable basis does not automatically entitle an unsuccessful claimant to fees*, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner in this case requested dismissal prior to filing of an expert report in favor of his claim. As far as the litigation goes, they were on some notice of the claim's potential deficiencies at the time Respondent filed the Rule 4(c) Report. Report, dated March 29, 2021 (ECF No. 32). However, there were legitimately-disputed fact questions as to whether the vaccine was administered in the relevant arm. Indeed, I invited Petitioner to recast the claim after dismissing the Table version, based on my determination that objective facts would support a causation-in-fact claim. Thus, in light of the standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney, based on the year in which work was performed:

|  | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|---|---|
| **Christine Smith (Attorney)** | $307.00 | $317.00 | $324.00 | $394.00 | $414.00 | $427.00 | $427.00 |
| **Tricia Poitreas (Paralegal)** | - | $132.00 | $135.00 | $141.00 | - | - | $275.00 |

ECF No. 46 at 10–16.

Ms. Smith practice in Manchester, New Hampshire—a jurisdiction that has been deemed "in forum." Accordingly, these attorneys are entitled to the rates established in *McCulloch*. *See White v. Sec'y of Health & Hum. Servs.*, No. 15-1521V, 2020 WL 6728920, at *3 (Fed. Cl. Spec. Mstr. Oct. 13, 2020) (finding that the Boston-Worcester-Manchester area is deemed in forum). The rates requested for Ms. Smith are also consistent with what has previously been awarded her, in accordance with the Office of Special Masters' fee schedule.[5] *See Tataro v. Sec'y of Health & Hum. Servs.*, No. 19-1285V, 2022 WL 4075956, at *1 (Fed. Cl. Spec. Mstr. Aug. 4, 2022).

However, the rate requested for paralegal work in 2023 is higher than what is awarded for the number of years of experience in the Program. Indeed, Ms. Poitreas has requested an hourly rate that *attorneys* would receive. Accordingly, I will compensate Ms. Poitreas for time devoted to

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 9, 2023).

the matter in 2023 at the more-appropriate rate of $159.00.[6] This results in a reduction of $348.00—meaning that Petitioner will receive a total of $16,250.90 in attorney's/paralegal fees.[7]

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $683.33 in outstanding costs, including medical record retrieval costs and the filing fee. ECF No. 46 at 18–20. These costs were reasonably incurred, and they shall be awarded in full without reduction.

---

[6] I came to this conclusion by determining the higher increment of rate changes ($6 from 2019 to 2020), using this to reach $159.00.

[7] Ms. Poitreas billed three hours in 2023. At the new rate of $159.00, this meant the total time expended in 2023 was $477.00.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$16,934.23,** reflecting $16,250.90 in attorney's fees, and $683.33 in costs in the form of a check made jointly payable to Petitioner and his attorney, Ms. Christine Smith.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.